GALENA AND SOUTHERN WISCONSIN RAILROAD CO.

*v.*

SAMUEL BIRKBECK.

1. PRACTICE—*objections to evidence must be made on the trial.* A party is not allowed to sit quietly by, and suffer objectionable evidence to be given to the jury, and then urge his objection, for the first time, in this court. He must object when the evidence is given, so that the other party may correct the error, if such it be, in the lower court.

2. RIGHT OF WAY—*damages to land not described in petition.* Where the petition for the condemnation of land for right of way describes only one tract of the defendant's land, a portion of which it cuts off from his entire farm, also consisting of another tract, the correct practice, in order to recover damages as to the whole, is, to file a cross-petition; but where this is not done, and evidence is given as to the entire damages, without objection, and the court protects the petitioner from further proceedings for the assessment of damages as to the balance of the farm, by requiring the owner to execute a release as to it, the judgment or order of the court will not be reversed at the instance of the petitioner, as the error, if any, works no injury.

3. Where a petition to condemn land for a right of way describes only one tract of the defendant's farm, which is cut off from the rest of the farm, and damages are assessed only in respect to that tract, the owner may afterwards cause the damages to be assessed as to the balance of his land.

4. SAME—*damages by separating parts of a farm.* The fact that a portion of a farm is cut off by a railroad, is, in very many, if not in all, cases, a permanent injury to the entire farm, and materially diminishes its value, and is a legitimate source of damage.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

This was a proceeding commenced by the appellant to condemn the right of way over certain land belonging to the appellee. The petition was for the right of way over the north-west quarter of section 27, township 29 north, range 1 west of the fourth principal meridian, of which the defendant owned 123¼ acres. The defendant also owned the north-east quarter of the same section, upon which he had three

buildings, and the whole was occupied as an entire farm. The jury assessed the damages at $1180. The other material facts appear in the opinion of the court.

Mr. L. SHISSLER, for the appellant.

Messrs. W. WEIGLEY & SON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a proceeding by appellant to condemn the right of way for its railroad over certain land owned by appellee. It appears, from the record, that the petition only described the quarter section of land over which the right of way was desired, omitting entirely another quarter section which adjoined it, and on which appellee's buildings were. The two tracts formed appellee's farm; and, upon the trial, evidence was given, without objection, showing how much damage was done to the whole farm by reason of the land taken by appellant for its right of way, and of the damage done by cutting off a portion of the tract described in the petition, from the balance of the farm.

The jury, in their verdict, assessed appellee's damages at $1180, and the court overruled a motion for a new trial, and rendered judgment upon the verdict, directing, as a part of its judgment, that appellee should execute and file with the clerk a release to appellant for all damages sustained by him to the land not described in the petition, on account of the right of way over the land embraced in the petition.

Appellant moved in arrest of judgment, which was overruled by the court. Exceptions were taken to the overruling of the motions for a new trial and in arrest of judgment, and upon these exceptions we are now asked to reverse the judgment of the court below.

It is, first, contended that the finding of the jury was contrary to the evidence. Quite a number of witnesses testified,

14—70TH ILL.

on each side, to the amount of appellee's damages. Those on behalf of appellant, for the most part, fixed the damages at an amount as large, if not larger, than that returned by the jury; while those on behalf of appellee fixed the amount much smaller.

The question in this conflict was one which the jury were peculiarly qualified to determine, and we are not disposed to revise their finding, especially as it does not appear to us that any serious injustice has been done.

It is next contended that the court below erred in allowing evidence to go to the jury of the amount of damages sustained by appellee to the land not described in the petition, in consequence of a portion of that that was described in it being cut off by the railroad from the balance of the farm. This objection is now urged for the first time, and it comes too late. It is not allowed to a party to sit quietly by and suffer objectionable evidence to be given to the jury, and then urge his objection, for the first time, in this court. He must interpose his objection when the evidence is given, so that the opposite party may have an opportunity to correct the error, if such it be, in the lower court.

It is also contended that the court below erred in ordering appellee to execute a release to appellant for all damages sustained to the land, not described in the petition. As this order is intended purely for the benefit of appellant, we are unable to see how it can, even if erroneous, work it any injury. It certainly takes nothing from it, and imposes no burden upon it.

It would have been more regular and satisfactory, in this case, had appellee filed a cross-petition before the trial, claiming damages to the land not described in appellant's petition, and, in this way, have brought the question before the court; but as the same evidence was given on this trial, without objection, that could have been given on that, and the judgment of the court effectually protects appellant against future litigation on this account, we see no error by which appel-

lant's rights have been prejudiced. The fact that a portion of a farm is cut off by a railroad, is, in very many, if not all, cases, a permanent injury to the entire farm, and materially diminishes its value. This is a legitimate source of damage, under the act pursuant to which this condemnation was had, and if such damage had not been assessed in this proceeding, appellee could have caused it to be assessed in another; but, having been assessed, we think the court has ample power to enforce its judgment, in respect to both parties, and that, under all the circumstances, the judgment should be affirmed.

*Judgment affirmed.*